# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:04CV4

| | |
|---|---|
| HELEN COLEMAN PRATER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NATALIE McBRIDE, JOHN WALTERS, )<br>and CATAWBA COUNTY MENTAL )<br>HEALTH, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and Defendants' Motion for Summary Judgment. Plaintiff did not file a response to either motion. The Court spoke with Plaintiff's counsel after the time had passed within which to respond, and Plaintiff's counsel informed the Court that he intended to file a motion retroactively requesting an extension of time to respond. Despite his stated intention, Plaintiff's counsel never filed such a request for extension of time to respond to this motion and never filed any response to the Motion to Dismiss or the Motion for Summary Judgment.

Having carefully considered the Defendants' arguments, the record, and the applicable authority, the Court will <u>grant</u> Defendants' Motion to Dismiss. The Court does not reach the merits of Defendants' Motion for Summary Judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Helen Coleman Prater, a former employee of the Mental Health Services of Catawba County, has sued the Mental Health Services of Catawba County, Natalie McBride (plaintiff's former supervisor), and John Waters (Ms. McBride's former supervisor) for age discrimination under the

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 *et seq*. Plaintiff alleges that she was terminated from employment at Mental Health Services because of her age.

At all times relevant to this lawsuit, Plaintiff served as an hourly, part-time Human Services Technician with the Mental Health Services of Catawba County. Plaintiff was terminated from this position on August 12, 2003. As an employee of the Mental Health Services, Plaintiff was covered by the State Personnel Act, codified at N.C.G.S. § 126-5(a)(2)(a). This Act guaranteed Plaintiff the right to file a contested case petition with the state Office of Administrative Hearings ("OAH") alleging age discrimination in connection with her termination from employment. N.C.G.S. § 7A-759; § 126-16; and § 126-36(a). To date, Plaintiff has not filed a contested case petition with the OAH alleging age discrimination in connection with her termination from employment with the Mental Health Services, nor has she commenced any proceedings under state law alleging age discrimination.

## II. MOTION TO DISMISS

Defendants move to dismiss this lawsuit, alleging that this Court lacks subject matter jurisdiction over Plaintiff's ADEA claim because Plaintiff has not pursued an administrative claim for age discrimination under state law.

Pursuant to Title 29, Section 633(b) of the United States Code:

> In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated.

29 U.S.C. § 633(b). Section 633(b) "mandates that a grievant not bring suit in federal court under...the ADEA until he has first resorted to appropriate state administrative proceedings." Oscar

Mayer & Co. v. Evans, 441 U.S. 750, 753 (1979).

In this case, Plaintiff was required to commence state proceedings prior to bringing suit under the ADEA in this Court because: (1) North Carolina has a law which prohibits employment discrimination on the basis of age, N.C. Gen. Stat. § 126-16; and (2) North Carolina has authorized its Office of Administrative Hearing ("OAH") to process any age discrimination claims that are brought by State employees, N.C.G.S. § 7A-759; § 126-16; and § 126-36(a). Oscar Mayer, 441 U.S. at 753; see also Heckman v. UNC, 19 F. Supp. 2d 468, 472-73 (M.D.N.C. 1998). Plaintiff has not alleged or produced any evidence demonstrating compliance with § 633(b) or rebutting Defendants' evidence that Plaintiff failed to comply.

Based on § 633(b), the holding in Oscar Mayer, and Plaintiff's failure to produce evidence demonstrating compliance with the requirements of § 633(b), the Court finds that Plaintiff's ADEA claim must be dismissed for failure to comply with the administrative prerequisites for bringing such a claim. See Cornett v. AVCO Financial Servs., 792 F.2d 447, 449-50 (4th Cir. 1986); Heckman, 19 F. Supp. 2d at 472-73.

## IV.  ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is hereby **GRANTED.**  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is hereby **DENIED AS MOOT**.

**Signed: July 20, 2005**

Richard L. Voorhees
United States District Judge